UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CAROLINA SORTO, on behalf of herself and
all other persons similarly situated,

                             Plaintiff,                           **CLASS ACTION**
                                                                            **COMPLAINT**

   -against-

DIVERSIFIED MAINTENANCE SYSTEMS, LLC,

                             Defendant.
------------------------------------------------------------------------X

      Plaintiff, CAROLINA SORTO ("Plaintiff"), on behalf of herself and all other persons similarly situated, by and through her attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendant, DIVERSIFIED MAINTENANCE SYSTEMS, LLC ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

      1.    Plaintiff brings this action on behalf of herself and similarly situated current and former employees of Defendant who were employed as manual workers in the State of New York pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover statutory damages for violation of New York Labor Law §191, supporting New York State Department of Labor Regulations, 12 NYCRR §142-2.4, and New York Labor Law §195(1) ("New York Labor Law"). Plaintiff seeks injunctive and declaratory relief, compensatory damages, liquidated damages, punitive damages, attorneys' fees and other appropriate relief.

## JURISDICTION AND VENUE

      2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

1

3. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

4. Plaintiff is a resident of the State of New York.

5. At all times relevant, Plaintiff was an "employee" within the meaning of Labor Law §190(2) and a "manual worker" within the meaning of Labor Law §190(4).

6. Defendant is a corporation organized and existing under the laws of State of Delaware with corporate headquarters located in Tampa, Florida.

7. At all times relevant, Defendant was an "employer" within the meaning of Labor Law §190(3).

## FACTUAL ALLEGATIONS

8. Defendant provides maintenance and cleaning services to department stores located throughout the State of New York.

9. Plaintiff was employed by Defendant as an hourly-paid, manual worker from in or about September 2019 until on or about February 26, 2020.

10. Defendant failed to pay Plaintiff and similarly situated manual workers employed in the State of New York "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned."  Instead, Defendant paid Plaintiff and similarly situated manual workers on a bi-weekly basis in violation of New York Labor Law § 191.

11. Plaintiff and similarly situated employees sometimes worked a day that was longer than 10 hours from its start to its finish including breaks.

12. Defendant unlawfully failed to pay Plaintiff and similarly situated employees spread-of-hours pay when they worked a day that was longer than 10 hours from its start to its finish including breaks in violation of NYLL Article 6, 190 et seq. and the supporting New York State Department of Labor Regulations, 12 NYCRR §142-2.4.

13. Defendant failed to provide Plaintiff and similarly situated employees upon hire written notice of their rate of pay and other information required by Section 195 of the New York State Labor Law.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

14. Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendant as hourly paid manual workers in the State of New York at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

15. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

16. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are

over forty (40) individuals who are currently, or have been, employed by the Defendants as manual workers at any time during the six (6) years prior to the filing of this Complaint.

17. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendant paid Plaintiff and Class Members on a bi-weekly or semi-monthly basis in violation of Labor Law section 191; whether Defendant failed to pay Plaintiff and Class Members spread-of-hours pay; whether Defendant failed to provide Plaintiff and Class Members with a wage notice upon hire; and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

18. Plaintiff's claims are typical of the claims of the Class that she seeks to represent. Defendant failed to pay Plaintiff "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned." Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

20. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

21. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

22. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

23. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## FREQUENCY OF PAYMENT VIOLATION

24. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

25. Plaintiff and Class Members are manual workers as defined by the New York Labor Law.

26. Defendant was required to pay the Plaintiff and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

27. Defendant failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiff and Class Members bi-weekly or semi-monthly in violation of Labor Law §191.

28. Plaintiff and Class Members are entitled to damages equal to the total of the delayed wages and reasonable attorney's fees and costs.

## SECOND CLAIM FOR RELIEF
## SPREAD-OF-HOURS VIOLATION

29. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

30. Defendant failed to pay Plaintiff and Class Members spread-of-hours pay for each day the spread of hours exceeded ten in violation of New York Labor Law §650 et seq. and 12 NYCRR §142-2.4.

31. Defendant's failure to pay spread-of-hours pay was willful.

32. Plaintiff and Class Members are entitled to recover unpaid wages, liquidated damages, statutory interest and attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
## NYLL WAGE NOTICE VIOLATION

33. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

34. Defendant failed to provide Plaintiff and Class Members with notice of their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Labor Law Section 195 of the Labor Law.

35. Due to Defendant's failure to provide Plaintiff and Class Members with the notice required by New York Labor Law §195(1).

36. Plaintiff and Class Members are entitled to recover damages from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.) Certification of a Class Action pursuant to F.R.C.P. 23;

(ii.) Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(iii.) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL and the supporting N.Y.S DOL Regulations;

(iv.) Damages pursuant to NYLL §198;

(v.) Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

(vi.) Pre-judgment and post-judgment interest as permitted by law; and

(viii.) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
March 10, 2020

                           LAW OFFICE OF PETER A. ROMERO PLLC

By: ***/s Peter A. Romero***
Peter A. Romero, Esq.
825 Veterans Highway-Ste. B
Hauppauge, New York 11788
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiff*