UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CAROLINA SORTO, on behalf of herself and all
other persons similarly situated,

                                         Docket No.: 20-cv-01302 (JS) (SIL)

                  Plaintiff,

       -against-
DIVERSIFIED MAINTENANCE SYSTEMS, LLC,

                  Defendant.
-----------------------------------------------------------------X

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS THE AMENDED COMPLAINT <u>PURSUANT TO FED. R. CIV. P. 12</u>

PETER A. ROMERO, ESQ.
DAVID D. BARNHORN, ESQ.

LAW OFFICE OF PETER A. ROMERO PLLC
*Attorneys for Plaintiff*
825 Veterans Highway, Suite B
Hauppauge, New York 11788
Tel.: (631) 257-5588
Email: promero@romerolawny.com

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT………………………………………………………1

ARGUMENT………………………………………………………………………...2

CONCLUSION……………………………………………………………………...11

## **TABLE OF AUTHORITIES**

<u>**Cases**</u>

*AHA Sales, Inc. v. Creative Bath Prod., Inc.*, 58 A.D.3d 6 (2d Dep't 2008)……………………..5

*Arciello v. Cty. of Nassau*, 2019 WL 4575145 (E.D.N.Y. Sept. 20, 2019)………………………9

*Argentina v. Emery World Wide Delivery Corp.*, 167 F.R.D. 359 (E.D.N.Y. 1996)…………..8 n.7

*Belizaire v. Rav Investigative & Sec. Servs.*, 61 F.Supp.2d 336 (S.D.N.Y. 2014)…………..9 n.9

*Busgith v. Hudson News Co.*,
      Index No. 0015087/2005 (Sup. Ct. Queens Cty., Apr. 8, 2008)………………………....8 n.8

*Coley v. Vanguard Urban Improvement Assoc., Inc.*,
      2018 WL 1513628 (E.D.N.Y. 2018)…………………………………………………..5, 9 n.9

*Cuzco v. Orion Builders, Inc.*, 2010 WL 2143662 (S.D.N.Y. May 26, 2010)………………..8 n.8

*Hussain v. Pak. Intl' Airlines Corp.*, 2012 WL 5289541 (E.D.N.Y. 2012)……………...…5, 9 n.9

*Hunter v. Planned Building Services, Inc.*,
      2018 WL 3392476 (Sup. Ct. Queens Cnty. June 20, 2018)…………………………………5

*IKEA U.S., Inc. v. Industrial Board of Appeals*, 241 A.D.2d 454 (2d Dep't 1997)..…-6-7, 7 n.4, 8

*In re Curb Serv. Laundry & Dry Cleaning*, 145 F.2d 756 (2d Cir. 1944)……………………..8 n.7

*Kruty v. Max Finkelstein, Inc.*, 65 Misc.3d 1236(A) (Sup. Ct. Suffolk Cnty. 2019)…………...…6

*Kuebel v. Black & Decker Inc.*, 643 F.3d 352 (2d Cir. 2011)…………………………………...7 n.5

*Mountain View Coach Lines, Inc. v. Betty Storms*, 102 A.D.2d 663 (2d Dep't 1984)……...…8 n.7

*Phillips v. Max Finkelstein, Inc.*, 115 N.Y.S.3d 866 (Sup. Ct. Suffolk Cnty. 2019)…...…-6-8, 8 n.7

*Solomon v. Artuz*, 2000 WL 863056 (S.D.N.Y. June 28, 2000)………………………………8 n.7

*Quintanilla v. Kabco Pharmaceuticals, Inc.*,
      Docket No. 19-CV-6752 (PKC) (CLP)…………………………………....3, 5-6 ,8 n.6, 10

*Rivera v. Harvest Bakery Inc.*, 2018 WL 4214337 (E.D.N.Y. Aug. 17, 2018)………..………7 n.5

*Rojas v Hi-Tech Metals, Inc.*, 2019 WL 4570161 (Sup. Ct. Queens Cnty. Sept. 11, 2019)……2, 4

*Scott v. Whole Foods Market Group, Inc.*,
      2019 WL 1559424 (E.D.N.Y. Apr. 9, 2019)……………………………………2, 3 n.2, 4-5, 10

*Vega v. CM and Associates Construction Management, LLC*,
    107 N.Y.S.3d 286 (1st Dep't 2019)……………………………………………1-4, 10

**<u>Statutes</u>**

NYLL § 191……………………………………………………….........……..1-2

NYLL § 198……………………………………………………….........…..2-3, 7 n.5

**<u>Opinion Letters</u>**

N.Y. Dep't of Labor Counsel Op. Letter, RO-10-0003, Oct. 28, 2010………………………4 n.3

## PRELIMINARY STATEMENT

Plaintiff Carolina Sorto ("Plaintiff"), by and through her attorneys the Law Office of Peter A. Romero, PLLC, respectfully submits this memorandum of law in opposition to Defendant Diversified Maintenance Systems, LLC's ("Defendant") partial motion to dismiss Plaintiff's claim under New York Labor Law ("NYLL") § 191 pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendant provides custodial services to department stores located throughout the state of New York.  Plaintiff was employed by Defendant as an hourly-paid, manual worker who performed custodial duties.  Plaintiff alleges that Defendant failed to pay her wages "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned" as required by NYLL § 191.  Instead, Defendant paid Plaintiff on a bi-weekly basis pursuant to its payroll policy in violation of New York Labor Law § 191.  Plaintiff also alleges that Defendant failed to pay her spread-of-hours pay and that Defendant failed to provide her with a proper wage notice in compliance with NYLL § 195(1).

Defendant seeks dismissal of Plaintiff's frequency of payment claim under NYLL § 191, asserting that the Amended Complaint fails to state a cause of action on the sole premise that Plaintiff purportedly does not have a private right of action to assert her frequency of payment claim.  Defendant's argument is predicated on its erroneous conclusion that the law provides no remedy for late paid wages.[1]  Defendant, however, inexplicably fails to acknowledge, let alone address, several recent adverse authorities in its disingenuous effort to convince the Court that there is no relief for employees whose wages are paid late by their employer. *See Vega v. CM and*

---

[1] While an underpayment of wages is not necessary to establish a private right of action for violations of NYLL § 191, as discussed extensively below, Defendant's contention that an underpayment of wages did not occur is not actually correct.  Plaintiff also asserts that Defendant frequently failed to pay her spread of hours compensation under the NYLL, constituting an accompanying underpayment of wages in addition to the late payment of wages.

*Associates Construction Management, LLC*, 107 N.Y.S.3d 286 (1st Dep't 2019); *see also Rojas v Hi-Tech Metals, Inc.*, 2019 WL 4570161, at *3 (Sup. Ct. Queens Cnty. Sept. 11, 2019).

The fact that Defendant's motion fails to deal with *Vega* comes as no surprise, since that case eviscerates Defendant's argument that "a mere frequency of pay violation, without any underpayment in the wages received, does not trigger private damages under NYLL § 198." Indeed, the Appellate Division in *Vega* found that "[t]he moment that an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required." 107 N.Y.S.3d at 288.  Thus, a failure to timely pay wages *is* an underpayment of wages that gives rise to a claim for damages under NYLL § 198.

Finally, while Defendant dismisses Judge Feuerstein's analysis in *Scott v. Whole Foods Market Group, Inc.*, 2019 WL 1559424 (E.D.N.Y. Apr. 9, 2019), as "flawed," Judge Chen recently found *Scott* persuasive and cited that case in denying a similar motion to dismiss a plaintiff's NYLL § 191 claim in *Quintanilla v. Kabco Pharmaceuticals, Inc*., Docket No. 19-CV-6752 (PKC) (CLP) (*See* Declaration of Peter A. Romero at Exhibit A).  *Quintanilla*, which was decided June 30, 2020, is the most recent authority from this Court regarding a private right of action under NYLL § 191.

## ARGUMENT

NYLL § 191(1)(a) requires that manual workers be "paid weekly and not later than seven calendar days after the end of the week in which wages are earned."  Defendant paid Plaintiff's wages bi-weekly pursuant to a company-wide payroll scheme, rather than paying her weekly as required by NYLL § 191(1)(a).  NYLL § 198(1-a) provides that "[i]n any action instituted in the courts upon a wage claim by an employee…in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees,

prejudgment interest as required under the civil practice law and rules, and, unless the employer provides a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of wages found to be due."

In *Vega*, the Appellate Division held that liquidated damages are available under NYLL § 198(1-a) "to provide a remedy to workers complaining of untimely payment of wages, as well as nonpayment or partial payment of wages." *Id*. at 288. Indeed, the Appellate Division rejected the very argument that Defendant advances here: "[C]ontrary to defendant's argument that 198 provides remedies only in the event of nonpayment or partial payment of wages (but not in the event of late payment of wages), the plain language of the statute indicates that individuals may bring suit for any 'wage claim' against an employer. The remedies provided by section 198(1-a) apply to 'violations of article 6 and section 191(1)(a) is a part of article 6." *Id*. at 287-88 (citing *Gottlieb v. Kenneth D. Laub & Co*., 82 N.Y.2d 457, 463 (1993)). Thus, the court held that NYLL §198(1-a) expressly provides a private right of action for a violation of NYLL § 191, including in the event of the late payment of wages. The court explained that, "[c]ontrary to defendant's argument, the term underpayment encompasses the instances where an employer violates the frequency requirements of section 191(1)(a) but pays all wages due before the commencement of an action…The word underpayment is the noun for the verb underpay; underpay is defined as 'to pay less than what is normal or required.'" *Id*. at 288. As is crucial to this matter, the Appellate Division found that "[t]he moment that an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required."[2] *Id.*

---

[2] As Judge Feuerstein noted, contrary interpretation "leaves an aggrieved employee with no recourse, but rather allows an employer to perpetually violate § 191 simply by paying the employee, in full, after a delay beyond the one-week period set by statute. Permitting an employer to flout the requirements of § 191 with impunity, so long as it eventually

The Appellate Division also held that in interpreting the liquidated damages provisions of the FLSA, the Supreme Court has held that, regardless of whether an employee has been paid wages owed before the commencement of the action, the statute provides for a liquidated damages remedy for the "failure to pay the statutory minimum on time." *Id.* (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)).  The *Vega* Court observed that although the wording of the FLSA and NYLL liquidated damages provisions are not identical, there are "no meaningful differences, and both are designed to deter wage-and-hour violations in a manner calculated to compensate the party harmed." *Id.* at 288 (quoting *Rana v. Islam*, 887 F.3d 118, 122-23 (2d Cir. 2018)).  Moreover, the *Vega* Court further noted that the legislative history of the 1967 amendment to section 198 reflects that liquidated damages were intended not only to compel employer compliance with the provisions of article 6, but also to "compensate the employee for the loss of the use of the money to which he was entitled…*The employee loses the use of money whether he or she is never paid, partially paid, or paid late*." *Id.* at n. 2 (emphasis added).

Thus, the Appellate Division in *Vega* concluded that "Labor Law 198(1-a) expressly provides a private right of action for a violation of Labor Law 191." *Id.* at 288.  Here, as in *Vega*, "Defendant's position that no private right of action exists is dependent on its erroneous assertion that the late payment of wages is not an underpayment of wages."[3] *Id.*

Notably, even if NYLL § 198(1-a) did not expressly authorize a private right of action, the Appellate Division, and this district court in *Scott*, held that a remedy is implied. *Id.* at 288-89; *Rojas*, 2019 WL 4570161, at *3 (finding a private right of action and applying *Vega*); *Scott*, 2019

_____

pays its employee the wages owed, is inconsistent with the stated purposes of the NYLL." *Scott*, 2019 WL 1559424, at *4.

[3] The Department of Labor has found a private right of action exists as it advised that an employee may file a complaint with the DOL or bring an action for violation of NYLL § 191. *See* N.Y. Dep't of Labor Counsel Op. Letter, RO-10-0003, Oct. 28, 2010, at *3-4.

WL 1559424, at *3-4.  A remedy "may be implied when (1) the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) recognition of a private right of action would promote the legislative purpose of the statute; and (3) to do so would be consistent with the legislative scheme." *AHA Sales, Inc. v. Creative Bath Prod., Inc*., 58 A.D.3d 6, 15 (2d Dep't 2008) (citing *Sheehy v. Big Flats Cmty. Day*, 73 N.Y.2d 629, 633 (1989)) (holding private right of action may be implied under NYLL § 191-b, which governs contracts with sales representatives).

In *Scott*, the Court cogently determined that an implied private right of action existed under NYLL § 191.  After analyzing each of the factors, that Court found the plaintiffs alleged to be manual workers and therefore members of the class designed to benefit from § 191(a); the legislative purpose of the frequency of payment statute "was to protect the manual worker who was dependent upon the 'wages' he received weekly for his existence" and allowing workers to sue employers who do not pay them weekly under § 191 clearly promotes the statute's legislative purpose; and "there is nothing in the statutory scheme…that suggests that a private right of action is barred or would otherwise run counter to the legislative scheme." 2019 WL 1559424, at *3.

Defendant does not even mention *Vega*, let alone make any attempt to distinguish that case. Instead, Defendant relies on cases decided **before** *Vega* and *Scott*, such as *Hussain v. Pak. Intl' Airlines Corp*., 2012 WL 5289541 (E.D.N.Y. 2012), *Coley v. Vanguard Urban Improvement Assoc., Inc*., 2018 WL 1513628 (E.D.N.Y. 2018), and *Hunter v. Planned Building Services, Inc.*, 2018 NY Slip Op. 31541(U) (Trial Order), 2018 WL 3392476 (Sup. Ct. Queens Cnty. June 20, 2018).  However, each of these cases are inapposite and unreliable as authorities with respect to the instant issues.  The decision in *Coley* was rendered in the context of a default judgment and the issue of whether the NYLL provides a remedy for late-paid wages was not briefed by either party.  Moreover, importantly, as Judge Chen recently noted, *Coley* was decided in 2018 and since

then the First Department issued the decision in *Vega*, a case "**which directly addresses the question presented here; namely, is there a private right of action for liquidated damages under New York Labor Law Section 191 based [on the] frequency of payment issue, i.e., the failure to pay manual laborers on a weekly basis**." Exhibit A to Romero Decl. at p. 11-12.

As Judge Chen further explained in her recent decision:

> **I am revisiting my *Coley* decision in light of the *Vega* decision, which is out of the First Department and squarely addresses the issue raised here, and does find, very emphatically, that there is both an express and implied private right of action that allows an employee to get liquidated damages for failure to timely pay…even where the plaintiff is not alleging that they did not receive their full pay. [T]he *Vega* decision goes to great lengths to explain that underpayment includes the failure to pay under the terms provided for.  And if the terms, as required by statute, are a weekly payment, then that would qualify as underpayment if the employer fails to meet that weekly payment requirement.**

(*Id.* at p. 16-17).  Thus, *Coley* has been rejected with respect to its discussion of NYLL § 191 by the exact judge that issued that decision.

Like the defendants in *Quintanilla*, the Defendant here relies on two poorly-reasoned companion cases, decided the same day by the same judge. *See Phillips v. Max Finkelstein, Inc.*, 115 N.Y.S.3d 866 (Sup. Ct. Suffolk Cnty. 2019) and *Kruty v. Max Finkelstein, Inc.*, 65 Misc.3d 1236(A) (Sup. Ct. Suffolk Cnty. 2019) (hereinafter, "the *Finkelstein* decisions").  That court declined to follow *Vega* but made no effort to explain why *Vega* or *Scott* were wrongly decided or find fault in the reasoning of either of those decisions.  Instead, the court concluded that it was not bound by *Vega* based on *IKEA U.S., Inc. v. Industrial Board of Appeals*, 241 A.D.2d 454 (2d Dep't 1997), a case that did not directly address the issue of whether there is a private right of action under Labor Law § 191.  The defendants in the *Finkelstein* cases incorrectly asserted that in *IKEA*, the Second Department had "in fact ruled on the issues now before the court." *Id.* at 869.  In truth,

however, the issue of whether or not a private right of action exists for violation of NYLL § 191 was not before the court at all in *IKEA*.

In *IKEA*, the Commissioner of Labor found that the employer violated NYLL § 191 by paying manual workers bi-weekly and assessed civil penalties against the employer. 241 A.D.2d at 454; *Phillips*, 115 N.Y.S.3d at 868.  The employer brought an Article 78 proceeding to review the Industrial Board of Appeals' ("IAB") decision that it violated the frequency of payment statute. *IKEA*, 241 A.D.2d at 454.  The sole issue before the Appellate Division was whether the IBA's determination that IKEA violated the statute was supported by substantial evidence, *Id*. at 455, not whether a private right of action existed.  Specifically, IKEA challenged the finding that the named employees were "manual workers." *Id*. at 455.  Thus, the issue before the court in *IKEA* was limited to whether the evidence supported the determination that the employer's staff were manual workers and that it violated the statute.  Thus, the Second Department did not suggest, let alone hold, that employees do not have a right to bring a claim for violation of NYLL § 191.[4]

Nevertheless, the *Finkelstein* defendants argued that because the Commissioner did not explicitly make a finding that IKEA's failure to timely pay wages constituted an "underpayment," it therefore did not assess liquidated damages for the benefit of its employees.[5] *Phillips*, 115 N.Y.S.3d at 868.  They further argued, and the court apparently agreed, that since the Second Department "*upheld this determination,*" it has "*implicitly ruled that such remedies are not*

---

[4] Critically, the dispute before the court in *IKEA* related to an administrative proceeding, not a privately filed lawsuit. Thus, because of the administrative forum of the original proceeding, the Second Department would have no occasion to consider if a private right of action existed on that appeal.

[5] This was rank conjecture.  It is equally plausible that the Commissioner did not assess liquidated damages because "[b]efore the 2009 amendment altering the mental state required for an employer to be liable for liquidated damages, the NYLL required the employee to prove that an employer's violation of the statute was 'willful,'" *Rivera v. Harvest Bakery Inc.*, 2018 WL 4214337, at *9 (E.D.N.Y. Aug. 17, 2018), *report and recommendation adopted*, 2018 WL 4211301 (E.D.N.Y. Sept. 4, 2018), which required a showing that the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 366 (2d Cir. 2011).  Those issues were not before the court to assess.  Moreover, §198(1-a) explicitly provides that individuals may bring suit against an employer for violations of the labor laws, even if the Commissioner chooses not to do so.

*available*" where the employer has paid wages in full but late. *Id*. The logic of this reasoning is seriously flawed. The only determination that the Appellate Division "*upheld*" was the determination that the employer had violated NYLL § 191 by paying manual workers bi-weekly, after rejecting the employer's argument that its employees were not manual workers. Despite this narrow ruling, the *Finkelstein* cases oddly found broad meaning in *IKEA* well beyond its actual holding. The court concluded that *IKEA*, a decision with only *four* short paragraphs focusing on whether employees were manual workers, somehow stands for the proposition that delayed payment of wages is not an underpayment and that there is no private right of action for violation of NYLL § 191. *Phillips*, 115 N.Y.S.3d at 869. The Second Department, however, did not address either of those questions because those issues were not before the court.[6] Thus, the *Finkelstein* cases mistakenly rely on *IKEA* for a ruling that court did not and could not have made.[7] It is worth noting that *IKEA* has not been cited by any other court as a basis upon which to dismiss a frequency of payment claim under NYLL § 191[8]. Given the strained logic of their holdings, it is also no

[6] In *Quintanilla*, Judge Chen agreed that *Ikea* did not address the issue of whether there is a private right of action under NYLL § 191.

[7] This court is bound to apply the decisions of state appellate courts on matters of substantive law. *Argentina v. Emery World Wide Delivery Corp.*, 167 F.R.D. 359, 361 (E.D.N.Y. 1996) (citing *Erie R. Co. v. Tompkins,* 304 U.S. 64 (1938)) (state substantive law must be applied by federal courts); *In re Curb Serv. Laundry & Dry Cleaning*, 145 F.2d 756 (2d Cir. 1944) (federal courts must follow highest court of a state when construing a state statute); *Solomon v. Artuz*, 2000 WL 863056, at *7 (S.D.N.Y. June 28, 2000) (citing *McCarthy v. Olin Corp.*, 119 F.3d 148, 153 (2d Cir.1997); *In re Brooklyn Navy Yard Asbestos Litigation*, 971 F.2d 831, 850 (2d Cir.1992); and *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, 1995 WL 731620, at *1 (S.D.N.Y. Dec. 8, 1995)) ("In the absence of a New York Court of Appeals decision, an Appellate Division decision interpreting New York law is instructive as to what the New York Court of Appeals would hold."). This Court is bound to follow the *Vega* decision since it is the only appellate division ruling to squarely address the issue. *See Phillips*, 115 N.Y.S.3d at 868 (citing *Mountain View Coach Lines, Inc. v. Betty Storms*, 102 A.D.2d 663 (2d Dep't 1984)) (acknowledging that *Vega* governs if no other Second Department decisions apply); *Mountain View Coach Lines, Inc.*, 102 A.D.2d at 664 (noting that the Appellate Division is a single court divided into departments for convenience and that, as a result, "the doctrine of *stare decisis* requires trial courts in this department to follow precedents set by the Appellate Division of another department until the Court of Appeals or [the direct appellate department] court pronounces a contrary rule").

[8] The *IKEA* case was cited, however, in *Cuzco v. Orion Builders, Inc*., 2010 WL 2143662, at *4 (S.D.N.Y. May 26, 2010), wherein the court granted plaintiffs' summary judgment on their claims that defendants violated the timely payment provisions of NYLL § 191. As a result, the *Cuzco* Court necessarily found that a private right of action exists under NYLL § 191 as it granted summary judgment in favor of the plaintiffs. *IKEA* was also cited in *Busgith v. Hudson News Co*., Index No. 0015087/2005 (Sup. Ct. Queens Cty., Apr. 8, 2008) (denying defendant's motion to dismiss NYLL § 191 claim).

surprise that the *Finkelstein* cases have not been cited or mentioned with approval by any other court.

Finally, Defendant places great emphasis on *Arciello v. Cty. of Nassau*, 2019 WL 4575145, at *1 (E.D.N.Y. Sept. 20, 2019), which it mistakenly identifies as the most recent authority from this Court on the issue of whether there is a private right of action under NYLL § 191.  In *Arciello*, the defendants moved for judgment on the pleadings arguing that the County, as a governmental agency, is exempt from NYLL § 191's frequency of payment provision.  The *Arciello* defendants made a secondary argument that there is no private remedy for late payment of wages.  The defendants' motion in *Arciello* was filed October 30, 2018 (D.E. 220) and the plaintiffs' opposition was filed November 6, 2018 (D.E. 227).  Thus, the motion was fully briefed without the benefit of *Scott*, which Judge Feuerstein decided April 9, 2019, or *Vega*, which the First Department decided September 10, 2019.  Indeed, the Court in *Arciello* noted that "[t]he only authority cited by the Plaintiffs on this issue is *Martin v. United States*, 117 Fed. Cl. 611 (2014), a United States Court of Federal Claims opinion that interprets the FLSA, not the NYLL." *Id*. at *8.  It is worth noting that the *Arciello* Court, after mentioning the very cases cited by Defendant here,[9] observed that "there is no mandatory authority opposing the Plaintiffs' position, [and opined that] the absence of persuasive authority in their favor undermines their position." *Id*.  This Court can reasonably infer that Judge Spatt would have reached the opposite conclusion in *Arciello* if he had the benefit

---

[9] Defendant relies on a footnote found in *Belizaire v. Rav Investigative & Sec. Servs*., 61 F.Supp.2d 336, n. 22 (S.D.N.Y. 2014).  Like *Coley*, *Belizaire* was decided in the context of a damages inquest following a default judgment.  The plaintiff in *Belizaire* was *pro se* and the defendant made no appearance.  Thus, the issue whether the NYLL provides a remedy for late-paid wages was not briefed by any party in that case.  Adopting the report and recommendation, the district court awarded plaintiff liquidated damages under the FLSA as compensation for defendant's failure to pay him on a timely basis, but it did not award liquidated damages under the NYLL.  As in *Coley*, the court's decision not to award plaintiff liquidated damages under the NYLL in *Belizaire* did not materially affect plaintiff's recovery because "[p]laintiff should not recover twice for the same injuries," 61 F.Supp.3d at 357, a proposition that does not pertain to this litigation.  *Hussain v. Pak. Int'l Airlines Corp*., also cited by Defendant, was decided in 2012, before *Scott* and *Vega*.

of Judge Feuerstein's decision in *Scott* and the First Department's decision in *Vega*. Indeed, with the benefit of considering *Vega* and *Scott*, Judge Chen found exactly the opposite of Judge Spatt, held that *Vega* is mandatory authority, that *Scott* is strongly persuasive, and that a private right of action exists under NYLL § 191 even in the event of the late payment of wages. Exhibit A to Romero Decl. at p. 11-12, 16-17.

In sum, the First Department's decision in *Vega* is the sole Appellate Division decision that is squarely on point. *Vega* unequivocally holds that an express private right of action exists. This Court is bound to follow an appellate decision on an issue of statutory interpretation of New York law. Moreover, *Vega* and *Scott* both make clear that, even if there was not an express right of action, an implied right of action under NYLL § 191 certainly exists. Defendant's reliance on older decisions issued prior to or without the benefit of *Vega* and *Scott* is fatal to its arguments. The cogent decisions in *Vega* and *Scott*, as well as *Quintanilla*, resoundingly refute the very arguments upon which Defendant's motion is based. Accordingly, Defendant's partial motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12 should be denied.

## <u>CONCLUSION</u>

For all the foregoing reasons, Defendant's partial motion to dismiss the Amended

Complaint pursuant to Fed. R. Civ. P. 12 should be denied.

Dated: Hauppauge, New York
       July 29, 2020

                             LAW OFFICE OF PETER A. ROMERO PLLC

                             ***/s Peter A. Romero***

By:    _____
                             Peter A. Romero, Esq.
                             David D. Barnhorn, Esq.
                             825 Veterans Highway Ste. B
                             Hauppauge, New York 11788
                             (631) 257-5588
                             promero@romerolawny.com

                             *Attorneys for Plaintiff*