UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------- x
                                                             :

CAROLINA SORTO, on behalf of herself and   :
all other persons similarly situated,
                                                           :
                                                     Plaintiff,  :
          -against-                                       :      Civil Action No. 2:20-cv-01302 (JS)(SIL)
                                                                       :

DIVERSIFIED MAINTENANCE SYSTEMS, LLC,   :
                                                                      :
                                          Defendant.  :
                                                                      :
----------------------------------------------- x

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO PARTIALLY DISMISS PLAINTIFF'S AMENDED COMPLAINT**

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
Evan B. Citron
Daniel M. Bernstein
599 Lexington Avenue, 17th Floor
New York, New York 10022

*Attorneys for Defendant*
*Diversified Maintenance Systems, LLC*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

    I.    *Arciello* remains the most recent written decision by this Court addressing the availability of private damages under NYLL § 191. ............................................. 1

    II.   Authority permitting private damages under NYLL § 191 was erroneously decided. ........................................................................................ 3

CONCLUSION ............................................................................................................................... 5

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arciello v. Cty. of Nassau*
  (No. 16-cv-3974, 2019 U.S. Dist. LEXIS 161167 (E.D.N.Y. Sept. 20, 2019)) ...................... 1, 2

*Hunter v. Planned Bldg. Servs., Inc.*,
  2018 N.Y. Slip Op. 31541[U](Trial Order) (Queens Cty. Sup. Ct., June 11,
  2018) ........................................................................................................................................ 3

*Hussain v. Pak. Int'l Airlines Corp.*,
  No. 11-CV-932, 2012 U.S. Dist. LEXIS 152254 (E.D.N.Y. Oct. 23, 2012) ........................... 3

*IKEA U.S. v. Indus. Bd. of Appeals*,
  241 A.D.2d 454 (2d Dep't 1997) ............................................................................................. 3

*Phillips v Max Finkelstein, Inc.*,
  115 N.Y.S.3d 866 (Suffolk Cty. Sup. Ct. 2019) ...................................................................... 3

*Quintanilla v. Kabco Pharmaceuticals*
  (Civ. No. 19-CV-06752(PKC)) ........................................................................................ 1, 2, 3

*Scott v. Whole Foods Market Group, Inc.*
  (18-cv-0086, 2019 WL 1559424 (E.D.N.Y. Apr. 9, 2019) (J. Feuerstein)) ......................... 3, 4

*Vega v. CM and Associates Construction Management, LLC*
  (107 N.Y.S.3d 286 (1st Dep't 2019)) ............................................................................... passim

**Statutes**

Fair Labor Standards Act ............................................................................................................ 4, 5

New York Labor Law .............................................................................................................. passim

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ...................................................................................... 1

ii

## PRELIMINARY STATEMENT

Defendant Diversified Maintenance Systems, LLC ("DMS" or "Defendant"), by and through its attorneys Ogletree, Deakins, Nash, Smoak & Stewart, P.C., submits this reply memorandum of law in further support of DMS's motion to partially dismiss the Amended Complaint of plaintiff Carolina Sorto ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6).

Despite Plaintiff's dissatisfaction with Judge Spatt's decision in *Arciello v. Cty. of Nassau* (No. 16-cv-3974, 2019 U.S. Dist. LEXIS 161167 (E.D.N.Y. Sept. 20, 2019)), *Arciello* remains the most recent written decision by this Court addressing the availability of private damages for alleged frequency of pay violations under New York Labor Law ("NYLL") § 191. As addressed in detail in DMS's supporting brief, *Arciello* properly dismissed the plaintiff's NYLL § 191 on the basis that the statute did not permit private damages. Plaintiff's reliance on the oral decision in *Quintanilla v. Kabco Pharmaceuticals* (Civ. No. 19-CV-06752(PKC)) – in which Judge Chen expressly reserved the right to revisit the issue later in the litigation – is misplaced, as is her reliance on the erroneously-reasoned decision in *Vega v. CM and Associates Construction Management, LLC* (107 N.Y.S.3d 286 (1st Dep't 2019)). Accordingly, Plaintiff's cause of action under NYLL 191 should be dismissed for failure to state a claim.

## ARGUMENT

**I.  *Arciello* remains the most recent written decision by this Court addressing the availability of private damages under NYLL § 191.**

Defendant's memorandum of law in support of this motion (Dkt. No. 15-3) addressed in detail the most recent written Eastern District decision concerning the availability of damages under NYLL § 191. In *Arciello*, the Honorable Judge Spatt held that the plaintiff did not

establish the right to seek a private remedy for mere frequency of pay violations, and dismissed the plaintiff's cause of action under NYLL § 191 for failure to state a claim.

Plaintiff does not dispute the holding in *Arciello*, but instead urges the Court to defer to an oral decision by this Court in *Quintanilla*, *supra*, and to the Appellate Division First Department decision in *Vega*, *supra*. Plaintiff suggests that *Quintanilla*, which is more recent than *Arciello*, should be treated as the current state of authority on NYLL § 191 in this Court, and argues that *Quintanilla* does permit a private cause of action under NYLL § 191.

Plaintiff's argument is unavailing. Setting aside the fact that no written decision was issued in *Quintanilla*, even the oral *Quintanilla* decision does not definitively permit a private action under NYLL § 191. In fact, the Court went to great lengths to emphasize that the question was subject to revisitation later in the case. Judge Chen criticized the First Department's holding in *Vega* as "a little tortured" and – while not dismissing the NYLL § 191 claim outright – permitted the claim to go forward subject to revisitation:

> This issue, too, may arise at a later point in the litigation and certainly may be the subject of further briefing should there be more guidance coming out of the state court at the appellate or higher level about this precise issue, but at this time, I am not going to dismiss the New York Labor Law Section 191 frequency [of] payment claim.
>
> ***
>
> [D]enying the motion… doesn't foreclose the possibility that the issue could be raised at a later time when it's more appropriate.

*Quintanilla*, at *17-19. Judge Chen further stated that her decision was motivated, in part, by "practical" considerations. This oral decision was by no means a definitive endorsement of private claims under NYLL § 191, and should not be relied upon as a basis for permitting Plaintiff's NYLL § 191 claim to proceed in light of what remains the most recent written authority from this Court in *Arciello*.

2

Moreover, as discussed *infra* in Section II, the authority relied upon in *Quintanilla*, and the First Department authority in *Vega*, was erroneously decided and unlikely to be followed by the New York Court of Appeals, which has yet to rule on this issue.

## II.     Authority permitting private damages under NYLL § 191 was erroneously decided.

In permitting the plaintiff's NYLL § 191 claims to temporarily proceed in *Quintanilla*, the Court relied on *Vega*, supra, and *Scott v. Whole Foods Market Group, Inc.* (18-cv-0086, 2019 WL 1559424 (E.D.N.Y. Apr. 9, 2019) (J. Feuerstein)). These were erroneously decided cases unlikely to be followed by the New York Court of Appeals.

As discussed at length in DMS's supporting brief, *Scott* rested on a flawed conclusion, unsupported by the analysis, that an "implied" right of action existed under NYLL § 191. The Court erroneously found that a private right of action was "consistent with the legislative scheme" because "[t]here is nothing in the statutory scheme authorizing the Commissioner to take action that suggests that a private action is barred or would otherwise run counter to the legislative scheme." *Id.*, at *3-4. <u>Yet NYLL § 198 expressly refers to damages for an "underpayment of wages," conveying a legislative intent to limit the scope of remedies</u>. New York courts have both implicitly and explicitly held that the State's intent was not to allow private remedies where an employee received their wages in full, albeit on a bi-weekly basis. *See Phillips v Max Finkelstein, Inc.*, 115 N.Y.S.3d 866, 869 (Suffolk Cty. Sup. Ct. 2019); *Hunter v. Planned Bldg. Servs., Inc.*, 2018 N.Y. Slip Op. 31541[U](Trial Order) (Queens Cty. Sup. Ct., June 11, 2018); *IKEA U.S. v. Indus. Bd. of Appeals*, 241 A.D.2d 454, 455 (2d Dep't 1997); *see also Hussain v. Pak. Int'l Airlines Corp.*, No. 11-CV-932, 2012 U.S. Dist. LEXIS 152254, at *8 (E.D.N.Y. Oct. 23, 2012) (dismissing frequency of pay claim because "[the New York Labor Law] contains no provision for private recovery for violations of its provisions regarding

frequency of pay . . . ."). Absent an underpayment, there is no basis for private recovery. *Scott*'s failure to address this critical component of NYLL § 198 led to a fatally flawed conclusion.

*Vega* is similarly flawed, or, to quote Judge Chen, "a little tortured." The *Vega* court, as in *Scott,* found was that private damages were "consistent with the legislative scheme" because the legislative purpose "is to protect workers." *Id.*, at *3-4. Yet, as with *Scott*, <u>*Vega* ignores the legislative intent to limit the scope of remedies, as evidenced by NYLL § 198's express reference to damages for an "underpayment of wages," and not simply for any violation of Article 6</u>. This can be directly contrasted with the damages provisions of NYLL § 218, which allow public damages and penalties – to be enforced by the Commissioner of Labor – where "an employer has violated a provision of article six." No such broad language appears in NYLL § 198.

The *Vega* court also cited Webster's dictionary for the definition of "underpay," meaning "to pay less than what is normal or required." 107 N.Y.S.3d at 288. The court then abruptly concluded that "[t]he moment that an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required." *Id*. The court cited no example, in the dictionary, caselaw, or otherwise, where a delayed payment meets the definition of "underpayment." An employer that compensates employees on a bi-weekly basis still pays them in full and does not "pay less than what is normal or required." The court's conclusory finding that a delayed payment is an underpayment is unsupported by any authority or the definition of the word itself.

The *Vega* court's reliance on the Fair Labor Standards Act ("FLSA") is also misplaced, as the FLSA's liquidated damages provision make no mention of "underpayment," the sole word critical to a sound analysis of NYLL § 198 in *Vega* and here. Absent a discussion or even

4

mention of underpayments, the FLSA – and caselaw interpreting it – does not provide meaningful guidance for interpreting NYLL § 198.

Accordingly, it is unlikely the New York Court of Appeals would follow *Vega* on this issue that remains unsettled and subject to conflicting interpretations. The most rational interpretation, which is consistent with the most recent written decision by this Court, is that payment in full, albeit on a bi-weekly basis, is not an "underpayment" within the meaning of NYLL § 198, and therefore not a basis for private damages.

Finally, there is no merit to Plaintiff's argument that the absence of private damages would allow an employer to violate NYLL § 191 with impunity. The New York Labor Law – and statutes in virtually every area of civil law – contains numerous provisions which are limited to public, rather than private, enforcement and penalties, and specifically authorizes such public enforcement via NYLL § 218. To claim that the absence of private damages somehow guts the statute is disingenuous and wrong.

## **CONCLUSION**

For the foregoing reasons, and as set forth in Defendant's memorandum of law in support of its motion to dismiss, Defendant respectfully requests that the Court dismiss with prejudice Plaintiff's cause of action alleging violations of NYLL § 191, and grant it such other and further relief as the Court deems appropriate, including its fees and costs.

Dated: New York, New York
       August 5, 2020

                        Respectfully submitted,

                        OGLETREE, DEAKINS, NASH,
                         SMOAK & STEWART, P.C.

                        By: _____
                         Evan Citron
                         Daniel M. Bernstein
                         599 Lexington Avenue, 17th Floor
                         New York, New York 10022
                         (212) 492-2500
                         evan.citron@ogletree.com
                         daniel.bernstein@ogletree.com

                        *Attorneys for Diversified Maintenance Systems, LLC*

43719148.2