```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CAROLINA SORTO on behalf of herself and all
other persons similarly situated,
                                                                    REPORT &
                            Plaintiffs,                             RECOMMENDATION
                                                                    20-cv-1302 (JS)(SIL)
        -against-

DIVERSIFIED MAINTENANCE SYSTEMS,
LLC,

                            Defendant.
----------------------------------------------------------------x
```

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this New York Labor Law ("NYLL") putative class action, on referral for Report and Recommendation from the Hon. Joanna Seybert, is Defendant Diversified Maintenance Systems, LLC's ("DMS" or "Defendant") Fed. R. Civ. P. 12(b)(6) partial motion to dismiss Plaintiff Carolina Sorto's ("Sorto" or "Plaintiff") First Claim for Relief under NYLL § 191, requiring manual laborers to be paid on a weekly basis, not later than seven days after the workweek in which the wages are earned.  *See* DE [13] ("Amended Complaint" or "AC") ¶¶ 28-32; DE [15] (Notice of Motion).  Plaintiff opposes the motion.  *See* DE [16].  At issue is whether section 191 provides for a private right of action.  If it does not, the claim should be dismissed.  For the reasons set forth below, the Court recommends that the motion be DENIED.

## I. BACKGROUND

The following facts are those relevant to DMS's motion, taken from the Amended Complaint. Plaintiff was employed by Defendant as an hourly manual worker performing custodial duties from in or around September 2019 until on or about February 26, 2020. AC ¶ 9. DMS paid Sorto, and those employees similarly situated, on a bi-weekly basis, and wages were not paid within seven days of them being earned. *Id.* ¶¶ 10, 28-32. According to Plaintiff, these payroll practices are in violation of her rights under NYLL section 191. *Id.* ¶¶ 28-32 (First Claim for Relief). Defendant now moves to dismiss this cause of action, arguing that even if there may be a technical violation of the statute, there is no private right of action. While there is case law supporting both sides on this issue, the Court concludes that the better reading of the statute supports Plaintiff's position, and therefore recommends that the motion be denied.

## II. ANALYSIS

### A. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a pleading must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). A pleading "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965). In

reviewing a motion to dismiss, the Court must accept the factual allegations set forth in Sorto's Amended Complaint as true and draw all reasonable inferences in her favor. *See LaFaro v. New York Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009).

## B. New York Labor Law Section 191

Article 6 of the New York Labor Law, NYLL § 190, *et seq.*, governs payment of wages in New York State. Section 191 governs frequency of pay for certain categories of employees, including manual workers, providing that a "manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned . . . ." N.Y. Lab. L. § 191(a). While there is no dispute that the New York State Commissioner of Labor may enforce section 191, Defendant takes the position that no similar private right of action exists.

Employees seeking to enforce their rights under Article 6 generally do so under section 198, providing for recovery for underpayment of wages, along with other remedies, as follows:

> In any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due, except such liquidated damages may be up to three hundred percent of the total amount of the wages found to be due for a willful violation of section one hundred ninety-four of this article.

N.Y. Lab. L. § 198(1-a).

As the Appellate Division, First Department recently recognized in *Vega v. CM & Assocs. Construction Mgt., LLC*, 175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't 2019), this provision includes claims based on alleged violations of section 191. *Id.* at 1145, 107 N.Y.S.3d at 287-88. The word "underpayment," deriving from the verb "underpay," means to "pay less than what is normal or required." *Id.* (citing Merriam-Webster's Collegiate Dictionary 1364 (11th ed. 2012)). "The moment that an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required." *Id.*; *see also Duverny v. Hercules Medical P.C.*, 18-CV-7652, 2020 WL 1033048, *5 (S.D.N.Y. Mar. 3, 2020) (recognizing section 191 as enforceable in a private right of action with the remedies available in section 198(1-a)); *Scott v. Whole Foods Market Group, Inc.*, 18-CV-0086, 2019 WL 1559424, *2-*3 (E.D.N.Y. Apr. 4, 2019) (recognizing a cause of action under section 191 and collecting cases); *accord Gottlieb v. Kenneth D. Laub & Co.*, 82 N.Y.2d 457, 461, 605 N.Y.S. 2d 213, 215 (1993) (commenting that the NYLL "generally regulates payment of wages by employers and creates reciprocal rights of employees").

Moreover, as the courts in *Vega* and *Scott* recognized, this conclusion is consistent with an implied private of action under section 191, even if the statute may not fairly be read to expressly provide one. *See Vega*, 175 A.D.3d at 1146-47, 107 N.Y.S.3d at 288-89; *Scott*, 2019 WL 1559424, at *3-*4. Article 6 was enacted to "strengthen and clarify the rights of employees to the payment of wages." *Scott,* 2019 WL 1559424, at *3 (quoting *Angello v. Labor Ready, Inc.*, 7 N.Y.3d 579, 583-84, 825 N.Y.S.2d 674, 676 (2006)); *see also Vega*, 175 A.D.3d at 1146, 107 N.Y.D.3d at 289.

4

More specifically, section 191 was enacted to protect manual laborers who are "dependent upon the wages [they] receive[] weekly for [their] existence." *Scott,* 2019 WL 1559424 at *3. (quoting *People v. Bloom*, 7 Misc. 2d 1077, 1078, 167 N.Y.S.2d 179, 181 (City Ct. 1957) (citing former NYLL § 196)); *see also Vega*, 175 A.D.3d at 1146, 107 N.Y.D.3d at 289. Accordingly, allowing for a private right of action is consistent with the objectives of the statute, given that the plaintiff is one of the class of individuals section 191 was designed to protect, a private right of action would promote the legislative purpose of the statute, and permitting such a claim to proceed would be consistent with the legislative scheme. *Vega*, 175 A.D.3d at 1146-47, 107 N.Y.D.3d at 289 *Scott*, 2019 WL 1559424 at *3-4. Accordingly, permitting a private right of action is appropriate.

In reaching this conclusion, the Court acknowledges that there is contrary authority in the case law. *See, e.g., Arciello v. County of Nassau*, 16-cv-3974, 2019 WL 4575145, *8-*9 (E.D.N.Y. Sept. 20, 2019) (rejecting private right of action). The majority of these cases however, like *Arciello*, reached their conclusions prior to the First Department's *Vega* decision, and its analysis, with which this Court agrees. *See* Defendant's Memorandum of Law in Support of its Motion to Partially Dismiss Plaintiff's Amended Complaint, DE [15-3], 4 (collecting cases).[1] Finally, the Court acknowledges a pair of more recent decisions out of the state court, *Phillips v. Max Finkelstein, Inc.*, 66 Misc.3d 514, 115 N.Y.S.3d 866 (Suffolk County Ct. 2019) and

---

[1] Although *Vega* was decided ten days prior to *Arciello*, it is not referred to in the decision. In all likelihood, the motion was fully briefed and submitted prior to *Vega* being handed down, and neither side alerted the Court to its issuance. Accordingly, the Court treats *Arciello* as if it predates *Vega*.

*Kruty v. Max Finkelstein, Inc.*, 65 Misc.3d 1236(A), 119 N.Y.S.3d 831 (Suffolk County Ct. 2019), both issued by the same judge, which conclude that the court in those instances did not need to follow *Vega*, reasoning that the Second Department in *IKEA U.S., Inc. v. Industrial Bd of Appeals*, 241 A.D.2d 454, 660 N.Y.S.2d 585 (2d Dep't 1997) provides for a contrary result. The *IKEA* court addressed whether there was substantial evidence to support a determination by the Commissioner of Labor under section 191—it did not address whether a private right of action exists. *See id*. This Court disagrees with the *Phillips/Kruty* court's reading of *IKEA*, and on this basis declines to follow those decisions.

Once the Court decides that a private right of action exists under NYLL section 191, the motion to dismiss should be denied. Sorto alleges that she was a manual laborer paid bi-weekly during the relevant time period. Assuming these facts to be true for the purpose of a motion to dismiss analysis, they are sufficient to state a claim. Accordingly, the Court recommends that Defendant's partial motion to dismiss Plaintiff's First Claim be denied.

## IV. CONCLUSION

For the reasons set forth herein, the Court recommends that Defendant's motion to dismiss Plaintiff's First Claim, brought pursuant to NYLL section 191, be denied.

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days of

6

receipt of this report.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See*  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:    Central Islip, New York
          November 15, 2020

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge