UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------- x
                                                                                             :

CAROLINA SORTO, on behalf of herself and    :
all other persons similarly situated,
                                                                                            :

                                                  Plaintiff,      :        Civil Action No. 2:20-cv-01302 (JS)(SIL)
        -against-                                         :

DIVERSIFIED MAINTENANCE SYSTEMS, LLC,   :

                                              Defendant.    :
                                                                                            :
---------------------------------------------- x

**DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION RE:
MOTION TO DISMISS PLAINTIFF'S NEW YORK LABOR LAW § 191 CLAIM**

                                                                                   OGLETREE, DEAKINS, NASH,
                                                                                    SMOAK & STEWART, P.C.
                                                                                    Evan B. Citron
                                                                                  Daniel M. Bernstein
                                                                                  599 Lexington Avenue, 17th Floor
                                                                                  New York, New York 10022

                                                                                  *Attorneys for Defendant*
                                                                                  *Diversified Maintenance Systems, LLC*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ............................................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

       A.   Legal Standard .................................................................................................... 2

       B.   The Court Should Not Permit a Private Right
           of Action Under NYLL § 191. ........................................................................... 2

CONCLUSION ............................................................................................................................... 6

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arciello v. County of Nassau*,
   16-cv-3974, 2019 WL 4575145 (E.D.N.Y. Sept, 20, 2019) ............................................. 2, 5, 6

*Arciello v. Cty. of Nassau*,
   No. 16-cv-3974, 2019 U.S. Dist. LEXIS 161167 (E.D.N.Y. Sept. 20, 2019) ....................... 4, 5

*Coley v. Vanguard Urban Improvement Ass'n, Inc.*,
   No. 12-CV-5565, 2018 U.S. Dist. LEXIS 50787 (E.D.N.Y. Mar. 27, 2018) ............................. 4

*Hunter v. Planned Bldg. Servs., Inc.*,
   2018 N.Y. Slip Op. 31541[U](Trial Order) (Queens Cty. Sup. Ct., June 11,
   2018) ....................................................................................................................................... 3

*Hunter v. Planned Bldg. Servs., Inc.*,
   2018 NY Slip Op. 31541[U], 2018 N.Y. Misc. LEXIS 2896 (Queens Cty.
   Sup. Ct. June 11, 2018) ......................................................................................................... 3

*Hussain v. Pak. Int'l Airlines Corp.*,
   No. 11-CV-932, 2012 U.S. Dist. LEXIS 152254 (E.D.N.Y. Oct. 23, 2012) ............................. 3

*IKEA U.S. v. Indus. Bd. of Appeals*,
   241 A.D.2d 454 (2d Dep't 1997) ........................................................................................... 3

*Kruty v. Max Finklestein, Inc.*,
   65 Misc.3d 1236(A), 119 N.Y.S.3d 831 (Suffolk Cty, Sup. Ct. 2019) ..................................... 2

*Phillips v Max Finkelstein, Inc.*,
   115 N.Y.S.3d 866 (Suffolk Cty. Sup. Ct. 2019) ........................................................... 2, 3, 4, 5

*Scott v. Whole Foods Market Group, Inc.*,
   18-cv-0086, 2019 WL 1559424 (E.D.N.Y. Apr. 9, 2019) (J. Feuerstein) ................................ 4

*Vega v. CM & Assocs. Construction Mgt., LLC*,
   175 A.D.3d 1144 (1st Dep't 2019) ..................................................................................... 4, 5

**Statutes**

28 U.S.C. § 636(b)(1) ................................................................................................................. 2

New York Labor Law ......................................................................................................... *passim*

**Other Authorities**

12 NYCRR § 142-2.4 ...................................................................................................................1

Federal Rule of Civil Procedure 72 ................................................................................................1

## PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 72, Defendant Diversified Maintenance Systems, LLC ("DMS"), by and through its attorneys Ogletree, Deakins, Nash, Smoak & Stewart, P.C., respectfully objects to Magistrate Judge Locke's Report and Recommendation dated November 15, 2020 (the "Report and Recommendation") (Dkt. No. 24), which recommended that this Court deny DMS's motion to dismiss Plaintiff Carolina Sorto's claim under New York Labor Law § 191.  For the reasons set forth below, DMS respectfully requests that the Court reject the Report and Recommendation and dismiss with prejudice Plaintiff's claim under New York Labor Law § 191 for failure to state a claim.

## BACKGROUND

DMS employed Plaintiff from approximately September 2019 to February 2020 as a full-time Custodian.  (Amended Compl., ¶9.)  Plaintiff alleges that during her employment, her bi-weekly wage payments did not meet statutory frequency-of-pay requirements under New York Labor Law ("NYLL") § 191.  (*Id.* ¶28-32.)  She further alleges that she was not provided "spread of hours" premium pay for days on which her spread was at least 10 hours, in alleged violation of the NYLL and 12 NYCRR § 142-2.4, and that her wage notices did not comply with NYLL § 195(1).  (*Id.* ¶33-42.)

On May 28, 2020, the parties appeared for a pre-motion telephonic conference before Judge Seybert, who granted DMS leave to file a motion for partial dismissal of Plaintiff's Amended Complaint.  (Dkt. No. 14.)  On June 29, 2020, DMS filed a partial motion to dismiss, seeking dismissal of Plaintiff's claim under NYLL § 191 on the basis that no private right of action exists.  (Dkt. No. 15.)  By Order dated October 26, 2020, the Court referred the motion to Magistrate Judge Locke for a report and recommendation.

On November 15, 2020, Judge Locke issued a Report and Recommendation recommending that the Court recognize an implied right of action under NYLL § 191 and deny DMS's motion. (Dkt. No. 24.) In reaching the recommendation, Judge Locke expressly acknowledged contrary authority in which New York courts did not permit private actions under NYLL § 191. (*Id.,* at 5) ("the Court acknowledges that there is contrary authority in the case law.") (citing *Arciello v. County of Nassau*, 16-cv-3974, 2019 WL 4575145 (E.D.N.Y. Sept, 20, 2019); *Phillips v Max Finkelstein, Inc*., 115 N.Y.S.3d 866, 869 (Suffolk Cty. Sup. Ct. 2019); *Kruty v. Max Finklestein, Inc.,* 65 Misc.3d 1236(A), 119 N.Y.S.3d 831 (Suffolk Cty, Sup. Ct. 2019)). As set forth below, the contrary authority should prevail; the purported rationale for recommending otherwise cannot withstand scrutiny; the Report and Recommendation should be rejected; and Plaintiff's NYLL § 191 claim should be dismissed with prejudice.

## ARGUMENT

**A.  Legal Standard**

When reviewing a report and recommendation by a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews the objections to a magistrate's report de novo. 28 U.S.C.S. § 636(b)(1)(C).

**B.  The Court Should Not Permit a Private Right of Action Under NYLL § 191.**

The law governing Plaintiff's NYLL § 191 claim is set forth in detail in DMS's memorandum of law in support of its motion for partial dismissal. (*See* Dkt. No. 15-3.) To reiterate in summary fashion, NYLL § 191 governs frequency of pay requirements for various categories of employees, including manual workers. While the NYSDOL Commissioner may seek penalties for alleged violations of NYLL § 191 (*see* NYLL § 218), NYLL § 191 does not contain a private remedies provision. Therefore, to determine whether private damages are

2

recoverable, courts turn to NYLL § 198, which details, in relevant part, the private remedies available for violations of Article 6. Under NYLL § 198, an employee may recover damages for an <u>underpayment of wages</u>, plus attorneys' fees and liquidated damages.

Consistent with the plain language of NYLL § 198, Both New York and federal courts – including the most recent authority from this Court – have repeatedly and correctly held that damages are limited to circumstances in which the employee did not receive their complete wages. In other words, a mere frequency of pay violation, without any underpayment in the wages received, does not trigger private damages under NYLL § 198. As explained in *Phillips v Max Finkelstein, Inc.*, 115 N.Y.S.3d 866, 869 (Suffolk Cty. Sup. Ct. 2019):

> Labor Law §198.1-a explicitly provides for a lawsuit by an employee to recover stated damages in the event there is an <u>underpayment of wages</u>. We concur with the court in *Hunter*[1] that <u>actual payment of wages in full albeit on a bi-weekly basis</u> where the law requires payment on a weekly basis <u>does not constitute an "underpayment" that would trigger an employee's right to commence a lawsuit to recover the damages set forth in that section of the Labor Law</u>.

*Id.* (emphasis added). A long line of authority reaches the same conclusion, based on the same, sound rationale. *See Hunter v. Planned Bldg. Servs., Inc.*, 2018 N.Y. Slip Op. 31541[U](Trial Order) (Queens Cty. Sup. Ct., June 11, 2018) (mere frequency of pay violation, without an actual underpayment, does not trigger the damages provision of Section 198); *IKEA U.S. v. Indus. Bd. of Appeals*, 241 A.D.2d 454, 455 (2d Dep't 1997) (NYSDOL Commissioner assessed only a fine for violation of Section 191; there was no finding that the wages paid bi-weekly was an "underpayment" and liquidated damages were not assessed); *Hussain v. Pak. Int'l Airlines Corp.*, No. 11-CV-932, 2012 U.S. Dist. LEXIS 152254, at *8 (E.D.N.Y. Oct. 23, 2012) (dismissing frequency of pay claim because "[the New York Labor Law] contains no provision for private

---

[1] *Hunter v. Planned Bldg. Servs., Inc.*, 2018 NY Slip Op. 31541[U], 2018 N.Y. Misc. LEXIS 2896 (Queens Cty. Sup. Ct. June 11, 2018)

3

recovery for violations of its provisions regarding frequency of pay . . . ."); *Arciello v. Cty. of Nassau*, No. 16-cv-3974, 2019 U.S. Dist. LEXIS 161167, *22 (E.D.N.Y. Sept. 20, 2019) (dismissing Section 191 claim because Section 198 does not provide a remedy for the failure to timely pay wages); *Coley v. Vanguard Urban Improvement Ass'n, Inc.*, No. 12-CV-5565, 2018 U.S. Dist. LEXIS 50787 (E.D.N.Y. Mar. 27, 2018) ("The NYLL does not appear to provide" private recovery for Section 191 violations).

In the Report and Recommendation, Judge Locke acknowledges the authority rejecting private claims under NYLL § 191, but recommends allowing Plaintiff to proceed with her cause of action due to conflicting authority permitting a private claim. (Dkt. No. 24, at 5-6) (citing *Scott v. Whole Foods Market Group, Inc.*, 18-cv-0086, 2019 WL 1559424 (E.D.N.Y. Apr. 9, 2019) (J. Feuerstein); *Vega v. CM & Assocs. Construction Mgt., LLC*, 175 A.D.3d 1144 (1st Dep't 2019)). The Report and Recommendation erroneously finds that an implied right of action exists under NYLL § 191 because it would purportedly promote the purposes of the statute and is purportedly "consistent with the legislative scheme." (Dkt. No. 24, at 5). Yet the express language of NYLL § 198, referring to damages for an <u>underpayment of wages</u>, conveys a clear legislative intent to limit the scope of remedies, and absent an underpayment, there is no basis for private recovery.

Relying on *Vega*, the Report and Recommendation erroneously states that a late payment is, in fact, an underpayment, because the verb "underpay" means to "pay less than what is normal or required." (Dkt. No. 24, at 4.) To interpret this definition to include situations where <u>full payment of wages</u> was in fact tendered, though allegedly not on the correct date, is a tortured and unreasonable reading of the word. As stated in *Phillips*, "<u>actual payment of wages in full albeit on a bi-weekly basis</u> where the law requires payment on a weekly basis <u>does not constitute</u>

4

an "underpayment". 115 N.Y.S.3d at 869. To hold otherwise would have this Court make no distinction in liability between an employer who paid its employees every dollar earned on a bi-weekly basis, and an employer who never paid its employees at all. This is not, and cannot be, the intention of the law where permitting recovery for "underpayments."

Significantly, the most recent authority from this Court did not permit a private cause of action under NYLL § 191. Specifically, in September 2019, in *Arciello v. Cty. of Nassau*, the Honorable Judge Spatt held that the plaintiff did not establish the right to seek a private remedy for mere frequency of pay violations, and dismissed the plaintiff's cause of action under NYLL § 191 for failure to state a claim. No. 16-cv-3974, 2019 U.S. Dist. LEXIS 161167, *22 (E.D.N.Y. Sept. 20, 2019).

In the Report and Recommendation, Judge Locke incorrectly stated that the majority of decisions running contrary to the recommendation, including *Arciello*, "reached their conclusions prior to the First Department's *Vega* decision". (Dkt. No. 24, at 5.) In fact, *Arciello* was decided <u>after</u> *Vega*, a fact subsequently acknowledged in a footnote in the Report and Recommendation. (*Id.*, at 5, n.1.) However, based on sheer speculation, the purportedly clarifying footnote states, in relevant part, that:

> In all likelihood, the motion [in *Arciello*] was fully brief and submitted prior to *Vega* being handed down, and neither side alerted the Court to its issuance. Accordingly, the Court treats *Arciello* as if it predates *Vega*.

(*Id.*) <u>There is no authority cited for this footnote, and no basis to speculate that the Court in *Arciello* was unaware of *Vega*</u>. Accordingly, it was manifest error for the Report and Recommendation to "treat[ ] *Arciello* as if it predates *Vega*." Absent any support for the assumption that *Arciello* was decided without knowledge of *Vega*, the Court should recognize

5

*Arciello* as the most recent relevant authority from this Court, holding no that no private right of action exists under NYLL § 191.

## CONCLUSION

For the foregoing reasons, DMS respectfully requests that the Court reject the Report and Recommendation, dismiss with prejudice Plaintiff's cause of action alleging violations of NYLL § 191, and grant DMS such other and further relief as the Court deems appropriate.

Dated:  New York, New York
        November 30, 2020

                                           OGLETREE, DEAKINS, NASH,
                                            SMOAK & STEWART, P.C.

                                         By: */s/ Daniel M. Bernstein*
                                                Evan B. Citron
                                                Daniel M. Bernstein
                                         599 Lexington Avenue, 17th Floor
                                         New York, New York 10022
                                         212.492.2500

                                         *Attorneys for Defendant*
                                         *Diversified Maintenance Systems, LLC*

45040410.3