```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
CAROLINA SORTO,
on behalf of herself and all other
persons similarly situated,
                                          MEMORANDUM & ORDER
                   Plaintiff,             20-CV-1302(JS)(SIL)

         -against-

DIVERSIFIED MAINTENANCE SYSTEMS, LLC,

                   Defendant.
--------------------------------------X
APPEARANCES
For Plaintiff:    Peter Arcadio Romero, Esq.
                  David Donald Barnhorn, Esq.
                  Law Office of Peter A. Romero PLLC
                  825 Veterans Highway, Suite B
                  Hauppauge, New York 11788

For Defendant:    Daniel M. Bernstein, Esq.
                  Evan B. Citron, Esq.
                  Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
                  599 Lexington Avenue, 17th Floor
                  New York, New York 10022
```

SEYBERT, District Judge:

Plaintiff Carolina Sorto ("Plaintiff"), individually and on behalf of all others similarly situated, commenced this proposed class action against defendant Diversified Maintenance Systems, LLC ("Defendant") asserting claims under various provisions of New York Labor Law. (Compl., ECF No. 1; Am. Compl., ECF No. 13.) By Report and Recommendation dated November 15, 2020, Magistrate Judge Steven I. Locke recommended that the Court deny Defendant's motion to dismiss the Amended Complaint's first cause of action seeking relief under New York Labor Law § 191 ("Section 191").

("R&R," ECF No. 24.)  Defendant timely filed objections.  (Def. Obj., ECF No. 25; Pl. Obj. Opp., ECF No. 27.)  For the following reasons, Defendant's objections are OVERRULED, the R&R is ADOPTED, and Defendant's partial motion to dismiss is DENIED.

BACKGROUND

I.  Facts[1]

The Court presumes the parties' familiarity with the facts as set forth in the R&R and recites only those necessary to adjudicate the pending motion.  (See R&R at 2.)  By way of brief background, Defendant provides maintenance and cleaning services to department stores throughout New York.  Defendant employed Plaintiff as an hourly, manual worker from approximately September 2019 through February 26, 2020.  Defendant allegedly paid Plaintiff (and similarly situated manual workers) on a bi-weekly basis and not within "seven calendar days after the end of the week in which the wages are earned," as required under Section 191.

II.  Procedural History and the R&R

Plaintiff initiated this action on March 10, 2020 and filed an Amended Complaint on May 27, 2020 asserting: (1) a frequency of pay claim in violation of Section 191 (the "First Cause of Action"); (2) a spread-of-hours claim in violation of New York Labor Law § 650 et seq. and 12 NYCRR § 142-2.4; (3) a wage

---

[1] The facts are drawn from the Amended Complaint and are assumed to be true for purposes of this Memorandum & Order.

2

notice claim in violation of New York Labor Law § 195(1); and (4) a wage statement claim in violation of New York Labor Law § 195(3). (See Am. Compl. ¶¶ 28-42.)

On June 29, 2020, Defendant filed its motion seeking dismissal of only the First Cause of Action, arguing that there is no private right of action for violations of Section 191. (Mot., ECF No. 15; see generally Def. Br., ECF No. 15-3; Def. Reply, ECF No. 20.) Plaintiff opposed the motion. (Pl. Opp., ECF No. 16.) On October 26, 2020, the Court referred the motion to Judge Locke. (Oct. 26, 2020 Elec. Order.) On November 15, 2020, Judge Locke issued the R&R. He recognized that "there is case law supporting both sides on this issue" but concluded "that the better reading of the statute" permits a private right of action under Section 191. (R&R at 2, 4-5.) Judge Locke then recommended that the Court deny Defendant's motion because, as alleged, Plaintiff sufficiently stated a claim based on a violation of Section 191. (Id. at 6 (finding allegations that Defendant paid Plaintiff, a manual laborer, on a bi-weekly basis sufficient to state a claim under Section 191).)

## ANALYSIS

I.  Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3).

3

The district judge must evaluate proper objections de novo; however, where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); FED. R. CIV. P. 72(b)(3).

II. Discussion

As a preliminary matter, a comparison between Defendant's underlying motion to dismiss and its objections reveal that it has "done little more than rearrange [its] arguments, often using largely identical wording." Media Glow Digital, LLC v. Panasonic Corp. of N. Am., No. 16-CV-7907, 2019 WL 1434311, at *3 (S.D.N.Y. Mar. 29, 2019), on reconsideration in part, 2019 WL 2281375 (S.D.N.Y. May 29, 2019). As such, the Court reviews the R&R for clear error. Id. Finding no clear error, the Court adopts the R&R.

Even under de novo review, Defendant's objections are OVERRULED. Defendant argues that Judge Locke erred in relying on Vega v. CM & Ass'n Construction Management, LLC, 107 N.Y.S.3d 286 (N.Y. App. Div. 1st Dep't 2019) to conclude that New York Labor Law § 198 ("Section 198") provides a private right of action for a violation of Section 191. (Def. Obj. at 4-5.) Defendant urges the Court to follow the Honorable Arthur D. Spatt's decision in

4

Arciello v. County of Nassau, No. 16-CV-3974, 2019 WL 4575145, at *8 (E.D.N.Y. Sept. 20, 2019), the "most recent authority from this Court" to find that there is no private cause of action under Section 191. (Def. Obj. at 4-6.) The Court declines Defendant's invitation for four reasons.

First, Vega explicitly considered and rejected the very arguments Defendant asserts here. "As a federal court applying state law, [the Court is] generally obliged to follow the state law decisions of state intermediate appellate courts." Broder v. Cablevision Sys. Corp., 418 F.3d 187, 199-200 (2d Cir. 2005) (quoting Pentech Int'l, Inc. v. Wall St. Clearing Co., 983 F.2d 441, 445 (2d Cir. 1993)). Defendant cites two lower state court cases, among others, to argue that "a mere frequency of pay violation, without any underpayment in the wages received, does not trigger private damages under NYLL § 198." (Def. Obj. at 2-3 (citing Kruty v. Max Finkelstein, Inc., 119 N.Y.S.3d 831 (N.Y. Sup. Ct. Suffolk Cnty. 2019) and Phillips v. Max Finkelstein, Inc., 115 N.Y.S.3d 866, 869 (N.Y. Sup. Ct. Suffolk Cnty. 2019)).) However, as Judge Locke correctly noted, Kruty and Phillips relied on a state appellate court decision that "did not address whether a private right of action [under Section 191] exists." (R&R at 5-6.) Thus, the Court is not persuaded that these cases present "contrary New York authority" to warrant a departure from Vega. And "[i]n the absence of any contrary New York authority or other

5

'persuasive data [establishing] that the highest court of the state would decide otherwise,'" Broder, 418 F.3d at 200 (quoting Pentech, 983 F.3d at 446), the Court follows Vega and concludes that (1) there is a private right of action for violations of Section 191; and (2) "the term underpayment encompasses the instances where an employer violates the frequency requirements of section 191(1)(a) but pays all wages due before the commencement of an action," 107 N.Y.S.3d at 288.[2]

Second, in Arciello, Judge Spatt dismissed a Section 191 claim after observing that courts in this Circuit "have opined that the NYLL may not contain" a remedy for the failure to timely pay overtime wages. 2019 WL 4575145, at *8 (emphasis added). Judge Spatt's use of "may" is telling and signals a non-binding, unsettled area of state law interpretation. Third, before dismissing the claim, Judge Spatt noted "the absence of persuasive authority" supporting the position that Section 198 provides a private right of action for a violation of Section 191. Id. Yet, Vega provides direct authority for this proposition. Indeed, the

---

[2] The Court denied the parties' requests to file reply briefs. (Def. Ltr., ECF No. 28; Pl. Ltr., ECF No. 29; Dec. 16, 2020 Elec. Order.) The Court realizes that Defendant may argue it was denied the opportunity to present its reasons "to believe the New York Court of Appeals would not follow the Appellate Division's erroneous decision in Vega." (See Def. Ltr.) However, Defendant has had ample opportunities, through its underlying motion papers and objections, to raise these arguments and the Court has not been presented with any "persuasive data" that shows the New York Court of Appeals would rule otherwise.

Appellate Division, First Department, held that: "Labor Law § 198(1-a) expressly provides a private right of action for a violation of Labor Law § 191" and the defendant's "position that no private right of action exists is dependent on its erroneous assertion that the late payment of wages is not an underpayment of wages." Vega, 107 N.Y.S.3d at 288. As stated above, the Court finds Vega persuasive and sees no reason to depart from its analysis. Fourth, the parties dispute whether Judge Spatt was aware of Vega's outcome, which was issued ten days prior to Arciello. The Court need not resolve this issue because to the extent Judge Spatt did not find Vega persuasive, the Court respectfully disagrees with its "learned colleague (whose decision does not bind me in any event)." In re Hi-Crush Partners L.P. Sec. Litig., No. 12-CV-8557, 2013 WL 6233561, at *24 (S.D.N.Y. Dec. 2, 2013). Accordingly, the Defendant's objections are OVERRULED and the Court agrees with Judge Locke that while there is case law to the contrary, "permitting a private right of action is appropriate." (R&R at 5.)

7

CONCLUSION

For the foregoing reasons, Defendant's objections are OVERRULED, the R&R (ECF No. 24) is ADOPTED, and Defendant's motion to dismiss (ECF No. 15) is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December __28__, 2020
       Central Islip, New York

8